UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

OMAR THOMAS WALA,

      **Petitioner,**

  v.                             **Case No.:  5:26-cv-53-WFJ-PRL**

WARDEN, FCC COLEMAN
CAMP,

      **Respondent.**

_____ /

## ORDER

Before the Court is Omar Wala's ("Petitioner") *pro se* Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 (Doc. 1) and the Warden of FCC Coleman Camp's ("Respondent") Response (Doc. 9). After careful consideration, the Court dismisses the Petition as moot.

## BACKGROUND

In November 2024, Petitioner was sentenced to a 90-month term of imprisonment. *See* Doc. 9 at 1. In June 2025, Bureau of Prisons staff issued Incident Report No. 4136406, charging Petitioner with a Code 108 prohibited act for possession of a cellular phone. (Doc. 1 at 10). Petitioner was found guilty of the charge and was sanctioned with, *inter alia*, the loss of 41 days of Good Conduct time. (Doc. 1 at 12). Petitioner claims that his due process rights were violated throughout the disciplinary proceedings. *Id*. at 12–13. For relief, Petitioner seeks vacation and expungement of the incident report and restoration of his Good Conduct time credits. *Id*. at 13.

Respondent moves for dismissal of the Petition as moot. (Doc. 9). Respondent maintains that Petitioner has obtained the relief sought in this action because the incident report has been expunged, and his Good Conduct time has been restored. *See* Doc. 9 at 3; Doc. 9-1 at 8. Respondent contends that this Court cannot provide any further relief to Petitioner and lacks jurisdiction over the Petition. (Doc. 9).

## DISCUSSION

A claim must be dismissed as moot if the issue presented is no longer "live," such that courts cannot grant meaningful relief. *Soliman v. United States ex rel. INS*, 296 F.3d 1237, 1242 (11th Cir. 2002) (dismissing as moot an appeal of a § 2241 habeas petition seeking relief from a lengthy detention pending removal because alien had been returned to his native country); *Powell v. McCormack*, 395 U.S. 486, 496 (1969) ("[A] case is moot when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome."). When a party "has already received the relief that he is seeking from this Court . . . the issue is no longer live." *United States v. Beltran-Gabito*, 280 F. App'x 861, 863 (11th Cir. 2008) (citing *31 Foster Children v. Bush*, 329 F.3d 1255, 1263 (11th Cir. 2003)).

Based on the undisputed record before this Court, Petitioner has obtained the relief he seeks, and this action is now moot. *See Alvarez v. Smith*, 558 U.S. 87, 92 (2009) (holding that an "actual controversy" must exist through "all stages" of the litigation).

## CONCLUSION

It is therefore **ORDERED** and **ADJUDGED** as follows:

1.  The Petition (Doc. 1) is **DISMISSED** as moot.

2.  The Clerk shall **CLOSE THIS CASE**.

**DONE** and **ORDERED** in Tampa, Florida, on May 28, 2026.

_____
WILLIAM F. JUNG
UNITED STATES DISTRICT JUDGE

**Copies furnished to**:
Pro Se Party
Counsel of Record